[S. F. No. 2630.   Department One.—June 15, 1903.]

## IGNATIUS C. DRATHMAN, Appellant, v. LOUIS COHEN et al., Respondents.

APPEAL—BILL OF EXCEPTIONS—FORM OF SPECIFICATIONS—INSUFFI-
CIENCY OF EVIDENCE.—It is not material whether specifications of
insufficiency of the evidence in a bill of exceptions are in a nega-
tive or positive form. where the meaning is the same in either
case, and is clear, although the negative form is preferable.
Where there is a reasonably successful effort to state the partic-
ulars, and they may have been sufficient to inform the opposing
counsel and the court of the grounds, and the trial court has
entertained and passed upon a motion for a new trial, and all of the
evidence is brought up, the appellate court will not refuse to con-
sider the case.

ID.—ORDER GRANTING NEW TRIAL—DISCRETION OF COURT.—The court
below has discretion in considering whether the evidence justifies
the verdict; and it is its duty to grant a new trial whenever, upon
the whole case, it believes an injustice has been done by the ver-
dict. Its order granting a new trial will· not be disturbed upon
appeal where no error or abuse of discretion appears.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting a new trial. John
Hunt, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

Naphtaly, Freidenrich & Ackerman, and M. H. Wascerwitz,
for Respondents.

SHAW, J.—This is an action against the defendants to
recover damages suffered by the plaintiff from the alleged
negligence of the defendants. Answers were filed, and the
case tried by a jury, resulting in a verdict in favor of the
plaintiff, whereupon the defendants moved for a new trial,
upon several grounds, among which was that of the insuf-
ficiency of the evidence to justify the verdict. The court
granted the motion upon that ground alone, and from the
order granting the motion the plaintiff appeals.

In the granting of new trials, the trial court has much dis-

cretion in considering whether or not the evidence justifies
the verdict. Its duty is to grant the new trial whenever,
upon the whole case, it believes that injustice has been done
in that respect. Upon considering the evidence, as set forth
in the transcript, we cannot say that the court erred in holding
that the verdict in this case was not justified by the evidence.

The plaintiff, however, claims that the specifications of in-
sufficiency of the evidence contained in the statement on mo-
tion for a new trial are not sufficient to present the question.
The charge in the complaint against the defendants was, that
they were engaged in manufacturing picture-frames, mirrors,
and moldings; that in connection with the manufacture there
was a rip-saw which was used to cut boards into strips; that
the plaintiff was ignorant of the method of operating the saw,
and had had no experience therein, and was ignorant of the
dangers attending the same, all of which the defendants well
knew; that defendants also knew that the operation of said
saw was attended with danger, but nevertheless negligently
directed plaintiff to run the said saw and cut therewith cer-
tain pieces of board, and neglected to instruct him touching
the work, or warn him of the difficulties or dangers attending
the same; that thereupon plaintiff proceeded to operate the
saw, and in so doing, by reason of his ignorance of the dangers
and of the manner of operating the same, his hand came in
contact with the saw, and he was injured. The answer denies
specifically the allegations of negligence on the part of defend-
ants, and affirmatively avers that the injuries of plaintiff
were caused by the negligence of the plaintiff. The specifica-
tions of insufficiency of the evidence to justify the verdict were
in part as follows: "1st. It clearly appears from the evidence
that plaintiff's injuries were caused by his own carelessness
and negligence, and it also clearly appears from the evidence
that plaintiff knew that the work of cutting boards by means
of a circular rip-saw driven by steam-power was attended
with danger. 2d. It clearly appears from the evidence that
plaintiff had sufficient means of information to charge him
with knowledge of the danger of cutting boards by means
of a circular rip-saw driven by steam-power, and that he
sustained the injuries complained of through his own care-
lessness while attempting to perform said work. 3d. It clearly

appears from the evidence that before commencing the work of cutting the boards, plaintiff was asked by the proprietor of the mill whether he could do the work, to which he replied that he guessed he could, and thereupon the proprietor of the mill replied: 'I want to feel that I won't have any accident happen.' Thereby plaintiff was cautioned by the proprietor of the mill that it was dangerous to use that saw for the purpose of cutting those boards without knowing how to do the work. And it further clearly appears from the evidence that, notwithstanding such caution, plaintiff proceeded to do the work. . . . And it furthermore appears that said injuries were caused by his own carelessness, and that plaintiff assumed all the risks attending the performance of said work. . . . 5th. The evidence clearly shows that plaintiff was not ignorant of the dangers attending the cutting of the boards with that circular rip-saw driven by steam-power. 6th. The evidence clearly shows that plaintiff had not been instructed by his employers, or either of them, to saw the wood.''

The plaintiff criticises the form of the statement in these specifications, his theory being that, instead of stating the insufficiency in the positive form, it should adopt a negative form of expression. For illustration, that instead of saying that ''It clearly appears from the evidence that plaintiff knew that the work'' was attended with danger, the form should be, ''The evidence is insufficient to show that plaintiff did not know that the work was attended with danger.'' Although the latter form is preferable, the meaning is precisely the same, and the criticism goes to form rather than substance. No person acquainted with the English language could have any difficulty in ascertaining from these specifications that the defendants claimed that the evidence was insufficient to prove the allegations that the plaintiff was ignorant of the dangers of the work he undertook and that the defendant instructed him to do the work and neglected to inform or warn him of the dangers attending the same, nor that it was claimed that the evidence was insufficient to justify the verdict because it proved that the injury was received by reason of the plaintiff's own negligence. If the evidence showed the facts stated in the specifications, then it was clearly insufficient to justify the verdict.

The appellant relies upon the decisions in *Dawson* v. *Schloss,* 93 Cal. 201; *Kumle* v. *Grand Lodge A. O. U. W.,* 110 Cal. 204; *Adams* v. *Helbing,* 107 Cal. 302; *Baird* v. *Peall,* 92 Cal. 238; *Haight* v. *Tryon,* 112 Cal. 6; and *De Molera* v. *Martin,* 120 Cal. 548. The strongest case, and the one usually cited upon objections to specifications of this character, is *De Molera* v. *Martin,* 120 Cal. 548. If the decision in that case were followed, perhaps the specifications here in question would be declared insufficient; but experience has proven that the rule there laid down was too strict, and that it has been productive of evil and not good. Perhaps some of the other cases cited may also tend to establish the same rule. But latterly the court has been more liberal in such matters, and the rule now followed is stated in *American etc. Co.* v. *Packer,* 130 Cal. 459, as follows: "Whenever there is a reasonably successful effort to state 'the particulars,' and they are such as may have been sufficient to inform the opposing counsel and the court of the grounds, and the trial court has entertained and passed upon the motion, . . . this court ought not to refuse to consider the case on appeal, and especially where, as in this case, the transcript shows that all the evidence has been brought up." (*Stuart* v. *Lord,* 138 Cal. 672; *Owens* v. *Pomona etc. Co.,* 131 Cal. 530; *Standard Quicksilver Co.* v. *Habishaw,* 132 Cal. 124.) In the case at bar, also, the record shows that it contains all the evidence taken on the trial. We therefore hold that the specifications are sufficient.

The order is affirmed.

Angellotti, J., and Van Dyke, J., concurred.