[L. A. No. 4650. Department One.—June 14, 1919.]

## JOSEPH WERINGER, Respondent, v. F. A. RUTLEDGE, Appellant.

[1] BOUNDARIES — DOCTRINE OF AGREED LINE — ERRONEOUS INSTRUCTIONS—OMISSION OF ELEMENT OF UNCERTAINTY AS TO TRUE LINE. In an action in ejectment in which the controversy was over a disputed boundary line, instructions on the doctrine of an agreed boundary line which do not contain the necessary element that there must be uncertainty as to the location of the' true line before the coterminous owners can agree upon a boundary, are erroneous.

[2] NEW TRIAL—SILENCE AS TO GROUNDS—CONFLICT OF EVIDENCE—APPEAL—PRESUMPTION.—In such action, where the evidence as to the boundary lines was in sharp conflict, and a new trial granted without stating the grounds for the order, it will be assumed that in weighing the evidence the court was not satisfied with the verdict.

APPEAL from an order of the Superior Court of Kern County, granting a new trial. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas Scott for Appellant.

Alfred Siemon, W. W. Kaye and Henry Harmeling for Respondent.

LAWLOR, J.—This is an action in ejectment brought by the plaintiff against the defendant in which the controversy was over a disputed boundary line. The case was tried by jury, a verdict rendered in favor of defendant, and judgment

entered accordingly. Thereafter the plaintiff moved for a new trial, which was granted, and the defendant appeals.

The defendant answered plaintiff's complaint, denying the allegations thereof, and for further defense alleged that the predecessor in title of plaintiff, and the defendant, being coterminous owners, agreed upon a boundary between their adjoining lands. In his cross-complaint the defendant alleged that he and his predecessors in interest had been in the actual, exclusive, and adverse possession of the land in question for more than five years prior to the commencement of the action, and that they had paid all taxes thereon.

Mary A. Rutledge conveyed by deed to Eugenia M. Hooper, on May 30, 1893, a tract of land, being a portion of the land now in dispute, upon the southern boundary of which there was constructed by Eugenia M. Hooper a wooden building thirty-two feet long by twenty-two feet wide, wherein has been conducted ever since a general store, a portion thereof being used for many years as a United States postoffice. During 1893 a well was sunk to obtain water for domestic purposes, the well from that time having been in continual use. The defendant testified that in 1895 or 1896 he went into possession of the land and continued in possession until the commencement of this action. The deed conveying the land from Eugenia M. Hooper to the defendant bears date of February 7, 1898.

The plaintiff alleges that the disputed boundary line runs about one foot and three inches north of the northeast corner of the store, directly east and west, which puts the store and well upon the strip of land in controversy. The defendant alleges that the true line runs several feet south of the store, and that the disputed line was established by him and his coterminous owner in 1896 or 1897 approximately thirty-eight feet from where plaintiff claims it runs.

A general verdict was rendered in favor of the defendant that he was the owner in fee simple of the land in question. A special verdict was also rendered by which the jury found that the defendant had agreed upon a boundary with the predecessor in interest of plaintiff, one Joseph Julian, and that the parties fixed their boundary line at a point thirty-eight feet south of the line between sections three and thirty-four established by the government survey.

In ordering a new trial the court did not state the grounds on which the motion was granted. However, the notice of intention to move for a new trial, and the exceptions in the bill of exceptions, show that the motion was made on the grounds of errors of law occurring at the trial and insufficiency of the evidence.

1. The plaintiff has reserved some twenty-six exceptions as to the admissibility of certain evidence. We have carefully examined the record touching these exceptions and find that they are without merit. No useful purpose would be served by specifically mentioning or discussing any of them.

2. Exceptions 27, 28, and 29 are addressed to instructions 1, 2, and 3. The plaintiff contends the jury was told, in effect, that a mere agreement was all that was necessary to make the transaction valid, and that the requirement of uncertainty as to the true boundary as a basis for such an agreement was omitted. It was said in *Clapp* v. *Churchill*, 164 Cal. 741, [130 Pac. 1061] : ''The doctrine of an agreed boundary line and its binding effect upon the coterminous owners rests fundamentally upon the fact that there is, or is believed by all parties to be, an uncertainty as to the location of the true line.'' [1] The instructions in question do not contain the necessary element that there must be uncertainty as to the location of the true line before the coterminous owners can agree upon a boundary. This omission rendered the instructions erroneous, and it will serve no useful purpose to touch upon the other objections to them.

3. The plaintiff claims that the evidence is insufficient to support the verdict. He contends that the defendant knew that the line he claims to have agreed upon with Julian was not the true one; that the true line was known to the defendant, and that the record shows there was no uncertainty in relation to the true line. The pleadings of the defendant show that the agreement fixing the boundary was based upon and made with reference to the line as established by the government survey. As to the uncertainty of the true line, the county surveyor, a witness on behalf of the plaintiff, testified: ''Many of the monuments that were necessary to run accurate lines and make an accurate survey concerning the land in question have been obliterated or destroyed. I do not think that anyone can tell within twenty-five or thirty feet where the dividing line really is between the lands in dispute.'' In

*Condee* v. *Gyger,* 126 Cal. 546, [59 Pac. 26], it was said: "It
is the duty of the judge of the trial court to grant the new
trial whenever he is not satisfied with the verdict, if tried by
a jury, or with the findings, if tried by the court; and he is not
bound by the rule of conflicting evidence as is this court."
(See, also, *Churchill* v. *Flournoy,* 127 Cal. 355, [59 Pac. 791];
*Byxbee* v. *Dewey,* 128 Cal. 322, [60 Pac. 847]; *Green* v. *Soule,*
145 Cal. 96, [78 Pac. 337]; *Estate of Motz,* 136 Cal. 560, [69
Pac. 294, and *Shilling* v. *Dodge,* 22 Cal. App. 517, [135 Pac.
299].)

[2]    The evidence as to the boundary lines was in sharp
conflict, and in the face of this conflict we may assume, in the
absence of any specified ground for the order granting a new
trial, that in weighing the evidence the court was not satisfied
with the verdict of the jury.    The order must stand.    (*Hitch-
cock* v. *Rooney,* 171 Cal. 285, [152 Pac. 913].)

Order affirmed.

Olney, J., concurred.

SHAW, J.—I concur in the opinion of Justice Lawlor and
in the judgment of affirmance.    But the instructions num-
bered 1, 2, and 3 would not be full or complete with the addi-
tion of the single statement that the parties must be uncertain
as to the location of the true line at the time they agree upon
a line beween the lands occupied by them, respectively.    The
instructions lacked other elements essential to such a fixing of
the boundary and to the proper information of the jury.    There
should be no difficulty in framing a correct and full instruc-
tion on the subject.    The law has been the subject of many
decisions and will be found fully stated in *Schwab* v. *Donovan,*
165 Cal. 363, [132 Pac. 447]; *Price* v. *De Reyes,* 161 Cal. 486,
[119 Pac. 893]; *Loustalot* v. *McKeel,* 157 Cal. 641, [108 Pac.
707]; *Lewis* v. *Ogram,* 149 Cal. 508, [117 Am. St. Rep. 151,
10 L. R. A. (N. S.) 610, 87 Pac. 60]; *Young* v. *Blakeman,* 153
Cal. 481, [95 Pac. 888]; and *Grants Pass etc. Co.* v. *Brown,*
168 Cal. 459, [143 Pac. 754].