[Civ. No. 3486.   Second Appellate District, Division One.—April 7, 1921.]

ROBERT McNEELY, Appellant, v. JAMES, HILL, Respondent.

[1] NEW TRIAL—NOTICE OF INTENTION—MINUTES OF COURT.—A notice of intention to move for a new trial stating that the motion would be made upon certain stated grounds "and upon the records, papers and files in said action," although formally defective, substantially complies with the requirements of section 659 of the Code of Civil Procedure, since the minutes of the court are a part of its records.

[2] ID.—ORDER GRANTING NEW TRIAL — CONTRIBUTORY NEGLIGENCE — INSUFFICIENCY OF EVIDENCE.—An order granting a new trial in an action for personal injuries, on the ground of plaintiff's contributory negligence is in effect an order granting the motion upon the ground of the insufficiency of the evidence to justify the verdict.

[3] ID.—APPEAL—REVERSAL OF ORDER—ABUSE OF DISCRETION.—An order granting a motion for a new trial on the ground of the insufficiency of the evidence will not be reversed on appeal in the absence of a showing of an abuse of discretion.

[4] ID.—ORDER GRANTING NEW TRIAL — ACTION FOR PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—DISCRETION NOT ABUSED.—On this appeal from an order granting a motion for a new trial in an action for personal injuries sustained by rider of a motorcycle in falling into an excavation, it cannot be said that the trial court was not reasonably justified in granting the motion on the sole ground of plaintiff's contributory negligence.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. A. Alderson and K. A. Miller for Appellant.

G. F. McCulloch for Respondent.

CONREY, P. J.—The defendant was employed by one Connell, the owner of a lot in the city of Los Angeles, to, make an excavation therein preliminary to the erection of a building. The lot was located at the north end of Santee Street. For a long time prior to the time when the exca-

vation was made there had been a roadway across this lot by which the public had commonly and usually traveled between Santee Street and other lands leading to Los Angeles Street. Of this the plaintiff and the defendant had full knowledge. The defendant at the time stated maintained said excavation and an incline running into the north end thereof, without any barriers, lights, or other warning to prevent persons from falling into said incline or excavation. On the night of April 15, 1917, the plaintiff, while traveling to his place of employment, and while attempting to pass from the north end of Santee Street across said lot, fell into the excavation and was injured thereby. He brought this action to recover damages for said injuries alleged to have been suffered by defendant's negligence. The defendant, in addition to denying any negligence on his own part, pleaded the affirmative defense of contributory negligence on the part of the plaintiff. A verdict and judgment having been entered in favor of the plaintiff, the defendant moved for a new trial, which motion, according to the minutes of the court, was granted ''on the ground alone of plaintiff's contributory negligence.'' The plaintiff appeals from that order.

[1] The notice of intention to move for a new trial stated that the motion would be made upon certain stated grounds ''and upon the records, papers and files in said action.'' Appellant contends that the notice was insufficient to authorize the court to hear the motion, because it did not comply with the requirements of section 659 of the Code of Civil Procedure, which provides that the notice shall desig-nate the grounds upon which the motion shall be made ''and whether the same will be made upon affidavits or the min-utes of the court or both.'' We think that the statement, although formally defective, did in substance comply with the rule. This is so because the minutes of the court are a part of the records of the court. Therefore, a motion made upon the records is a motion made upon the minutes of the court.

[2] Appellant next contends that the order purports to have been made for one sole reason which is not among the statutory grounds upon which a motion for a new trial may be granted. The grounds for the motion as presented to the court included that of insufficiency of the evidence

to justify the verdict. When, upon the foundation of such motion, the court granted it on account of plaintiff's contributory negligence, this in effect was an order granting the motion upon the ground that the evidence was insufficient to justify the implied finding of the jury that the plaintiff was not guilty of negligence which caused or contributed proximately to the accident and injury. It may further be suggested that if this limitation of the reasons for the order be excluded, there still remains a general order granting the motion, and respondent would be entitled to the benefit thereof if the facts contained in the record would authorize the motion to be granted upon any ground upon which he relied in presenting his motion. However, it is our opinion that the motion was granted upon the ground of insufficiency of the evidence to justify the verdict, and for the particular reason above stated.

[3] We come now to the principal question in the case. It is claimed by appellant that the evidence as to the alleged contributory negligence of plaintiff is not conflicting and affirmatively shows that the plaintiff was not guilty of such negligence. The rule is conceded that an order granting a motion for a new trial on the ground of insufficiency of the evidence will not be reversed on appeal unless an abuse of discretion appears. In considering the evidence upon such motion, the trial court "has power to draw inferences from the evidence opposed to those which were drawn by it upon the trial, provided they are not unreasonable." (*Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 451, 456, [168 Pac. 1033, 1035].) The accident in question here occurred at about 2 o'clock in the morning. The plaintiff testified that he was riding on a motorcycle at a speed of about fifteen or twenty miles an hour; that his motorcycle had a headlight; that he first saw the excavation when he was about twenty feet from it; that it was because of the headlight that he saw the excavation. He further stated: "When I have got my light on the motorcycle I generally turn it down, so I can keep out of tacks and glass and so on. When I have got it up I can see better. When you have got it down, you can't see over twenty or twenty-five feet." Describing what he did when he saw the excavation, he said: "I turned to my right, shut off my engine, shut

off my gas, and of course I worked my brake with my foot. I done all that at the same time."

[4] From this evidence the jury might have determined that the plaintiff, by turning down his light, had voluntarily shortened the distance wherein he could see objects in front of him, to such an extent that he was unable to stop his machine within the lighted area while moving at the speed at which he was traveling; and that in so doing, he was guilty of negligence which was the direct and proximate cause of his fall into the excavation. Conceding that there was some evidence tending to exonerate the plaintiff from the charge of negligence, it results that the evidence upon that point was conflicting to such a degree that on appeal the decision of the lower court, either in granting or in refusing a new trial, should not be reversed. Where the evidence is thus conflicting, a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict is addressed to the sound legal discretion of the trial court. With its decision thereof interference is unwarranted unless there clearly appears an abuse of such discretion. We cannot say that the court was not reasonably justified in granting the motion in this case.

Finally, it is suggested by appellant that if this action is to be tried a third time, the trial should be limited to the single issue of plaintiff's contributory negligence. It has long been settled that a court of appeal, in reversing and remanding a cause, may direct on what issues it shall be retried. (*Robinson* v. *Muir*, 151 Cal. 118, 125, [90 Pac. 521].) In this instance, however, since the order is to be affirmed, we deem it inappropriate to interfere with its terms as entered by the court below.

The order is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 6, 1921.

All the Justices concurred.