[Civ. No. 3759.  Second Appellate District, Division One.—December 5, 1921.]

FRANK C. SOTO, Appellant, v. GLOBE GRAIN & MILLING CO. (a Corporation), Respondent.

[1] NEW TRIAL—INSUFFICIENCY OF EVIDENCE—DISCRETION—APPEAL.— It is the duty of a trial judge whenever it appears to him that a verdict is not sustained by the weight of the evidence to grant a new trial, and such order will not be disturbed unless it plainly appears that there has been an abuse of discretion.

[2] ID.—CONVERSION OF CATTLE—EVIDENCE—PROPER ORDER FOR NEW TRIAL.—An order granting the defendant a new trial in an action for alleged conversion of certain cattle was not an abuse of discretion, where it appeared from the evidence that plaintiff delivered the cattle into the possession of a third person for the purposes of sale, and the inference was plainly justified that as a factor such third party was authorized not only to sell the cattle, but to collect the proceeds of the sale.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred W. Morrison for Appellant.

W. G. Van Pelt for Respondent.

JAMES, J.—This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the defendant having appropriated to its own use property of the plaintiff, consisting of ninety-eight head of cattle. A jury returned a verdict in favor of the plaintiff

and the trial judge granted a motion for a new trial, from which order plaintiff has appealed. The only question to be considered is as to whether, upon the evidence presented in the trial court, the making of the order complained of amounted to an abuse of discretion. **[1]** The rule is a familiar one and well settled that it is the duty of a trial judge, wherever it appears to him that a verdict is not sustained by the weight of the evidence, to grant a new trial, and that such order will not be disturbed unless it plainly appears that there has been an abuse of discretion. (*Drathman* v. *Cohen et al.,* 139 Cal. 310 [73 Pac. 181]; *In re Martin,* 113 Cal. 479 [45 Pac. 813]; *Weringer* v. *Rutledge,* 180 Cal. 566 [182 Pac. 31].) A brief consideration of the evidence as the record shows it will demonstrate, we think, without the aid of further authorities, that the order should be affirmed.

**[2]** Plaintiff was the owner of cattle in the number mentioned in his complaint. He shipped same from Arizona to Los Angeles. In company with one Zukerman he went to the office of the defendant, where an offer was made to purchase the cattle, which offer plaintiff refused. At that time the plaintiff referred the defendant's purchasing agent to Zukerman for further negotiations. Defendant's agent, who conducted the negotiations, in the course of his testimony, stated that Zukerman in Soto's presence announced that he was the agent of Soto, which claim Soto did not deny, and that Zukerman, in Soto's presence, made a counter-offer which defendant in turn refused to accept. The witness stated: "I saw Zukerman about two days after when he came into our office. . . . Zukerman came to our office and said he had bought the cattle from Soto, and offered to sell them to me. I bought forty head from him at that time as I remember. He was given a check for $2,838.70: Before I gave Zukerman the check I had some conversation with Mr. Hickox at the Santa Fe stockyards. He told me that Soto had told him that he had disposed of the cattle to Zukerman. I relied on that statement before consummating this deal with Zukerman. The cattle were delivered in due course and I saw Zukerman again in two or three days. He came and offered me the steers. I bought only the cows the first time. I bought the steers and Zukerman was given a check for $2,597.25." It ap-

pears that Zukerman had failed to account to Soto for the proceeds received from the sale of the cattle, and had decamped. Soto admitted that he had delivered the possession of the cattle to Zukerman for the purpose of allowing Zukerman to make a sale thereof, and admitted that he had told a clerk at the Santa Fe freight office that the cattle belonged to Zukerman when he arranged to have the shipping receipts turned over. We have called attention to enough of the testimony to show that the court was justified in determining that the weight of the evidence was not in support of the verdict of the jury. From that evidence it appears that plaintiff delivered the cattle into the possession of Zukerman for purposes of sale, and the inference is plainly justified that as a factor Zukerman was authorized not only to sell the cattle, but to collect the proceeds of the sale. The duty of this court being only to determine whether the trial court abused the discretion committed to it, a further discussion or analysis of the evidence would serve no useful purpose.

The order appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.