[Civ. No. 4674. Second Appellate District, Division Two.—October 3, 1927.]

JULIA H. O'BRIEN et al., Appellants, v. DICKINSON DRUG COMPANY (a Corporation), Respondent.

Rudolph & Warne and Isaac Pacht for Appellants.

Fred W. Morrison for Respondent.

PEAIRS, J., *pro tem.*—This is an appeal from an order of the court granting a new trial after verdict of the jury for damages for personal injuries.

The facts alleged by plaintiffs were that Julia H. O'Brien, one of the plaintiffs, went to the drug-store of defendant and after making a purchase attempted to enter the ladies' toilet, but finding it occupied was directed by the porter to the "Gents' Toilet," situated at the head of a cellar stairway, and that not being warned of danger she fell down a short flight of steps and was injured. The defendant alleges that when the plaintiff found the ladies' toilet occupied she then attempted to enter another door upon which was printed in large letters the words, "Positively No Admittance. Private," and wilfully disregarding the said sign and warnings of defendant's employees, was injured because of her own carelessness and negligence.

The testimony of plaintiff Julia H. O'Brien in itself is contradictory as to what was said and done.

To some extent her testimony corroborates the testimony of the witnesses Stromwall, Stout, and Harrison, showing that the door to the cellarway and "gents' toilet" was locked and not open to the public and that it was not opened until after she had tried to enter the ladies' toilet. The testimony of the witnesses Stromwall, Stout, and Harrison is, otherwise, quite flatly contradictory of much of plaintiff's testimony, and apparently consistent—showing the locked door, signs, warnings, conversations had and what happened. The plaintiff says that she "had no conversation with the clerk Stromwall before the accident other than to ask for medicine . . . that the door was locked at that time after buying the medicine. It is always closed. . . . I didn't notice a door there ever. . . . I saw the door after he opened it." Both Stromwall and Harrison testify that they said to plaintiff, "Don't go in there," and Stout testified to hearing each of these witnesses so state.

This much of the evidence is sufficient to show great contradiction, and after considering all of the evidence in this case, some of which was decidedly conflicting, if the

judge believed the testimony of any one of the witnesses Stromwall, Stout, or Harrison, it was not only his right but his duty to grant a new trial. The law in this respect is repeatedly stated in the following cases: In *Motz* v. *Motz,* 136 Cal. 558, 560 [69 Pac. 294], it says that where there is a material conflict of testimony and the judge believes the verdict was contrary to the weight of the evidence it is his duty to grant a new trial. In *Hitchcock* v. *Rooney,* 171 Cal. 285 [152 Pac. 913], it stated that if there is a substantial conflict in the evidence the order of the judge granting a motion for a new trial must stand. In *Estate of Caspar,* 172 Cal. 147, 149 [155 Pac. 631], it is stated to be the duty of the judge to set aside a verdict as often as his conscience is impressed with the injustice of the verdict. In *Weringer* v. *Rutledge,* 180 Cal. 566, 569 [182 Pac. 31], it says if there be a sharp conflict in the testimony the court should grant a motion for a new trial when not satisfied with the verdict. In *Ham* v. *County of Los Angeles,* 46 Cal. App. 148 [189 Pac. 462], it is stated that the discretion of the trial court is very broad and the order of the judge will be upheld unless there is an abuse of discretion. Also, in *Soto* v. *Globe Grain & Milling Co.,* 55 Cal. App. 533 [203 Pac. 830], it is said to be the duty of the judge wherever a verdict is not, in his opinion, sustained by the weight of the evidence, to grant a new trial, and unless it plainly appears that there is an abuse of discretion his order must stand.

Therefore, in this case, there being a decided conflict in the evidence and no apparent abuse of discretion, the order granting a new trial is affirmed.

Works, P. J., and Thompson, J., concurred.