[Civ. No. 4603.  Second Appellate District, Division Two.—November 22, 1927.]

ROBERT McNEELY, Respondent, v. MICHAEL J. CON-NELL et al., Defendants; JAMES HILL, Defendant and Appellant.

Geo. F. McCulloch and Emmet H. Wilson for Appellant.

W. A. Alderson and K. A. Miller for Respondent.

PEAIRS, J., *pro tem.*—This is an appeal brought in an action for personal injuries after three jury trials, in which the final judgment was rendered against the defendant Hill, now appellant.  The acts complained of occurred in April, 1917.  The complaint was filed in June, 1917, later default entered and vacated and the case was first tried before a jury in July, 1918, with a verdict against both defendants for $2,400.  Motion for a new trial was

granted by the court and the case was tried a second time on December 11, 1918, in which judgment was rendered against defendant Hill, appellant herein, in the sum of $2,500. Motion for a new trial was granted in January, 1919, in these words: "It is now ordered that said motion be granted on the ground alone of plaintiff's contributory negligence." Plaintiff appealed from the last-mentioned order in April, 1921, and the order was affirmed by the district court of appeal in 52 Cal. App. 187 [198 Pac. 427]. The case was again called for trial in June, 1922, wherein, on motion of counsel for plaintiff that the evidence be restricted to the one issue of contributory negligence alone, which motion was denied by the judge, the said case was withdrawn from the calendar. On September 22d plaintiff made application for modification of the former order of the superior court, which was granted by adding the words: "and as to all other grounds and issues the said motion be and is hereby denied." The cause came on again for trial in April, 1923, at which time the court restricted the issues to be tried to the sole and single one of the alleged contributory negligence of the plaintiff, and that as to all other issues the verdict of the jury on the former trial shall be conclusive. The court placed the burden of proof on the defendant. The jury returned a verdict as follows: "We the jury in the above entitled action find for the plaintiff and find plaintiff was not guilty of contributory negligence." Thereafter the judgment was rendered in favor of the plaintiff and against the defendant Hill for the sum of $2,500. From this judgment the defendant moved for a new trial, which motion was on the twenty-first day of June, 1923, denied.

The appellant, defendant Hill, claims that the decision of the district court of appeal rendered in the above-entitled action on April 7, 1921, is the law of the case; that the trial court had no power to limit the trial to one issue; that the trial court erred in ruling as to evidence and in the refusal of and in the giving of certain instructions. The language of the appellate court in this action as reported in 52 Cal. App. 187 is as follows: "Conceding that there was some evidence tending to exonerate the plaintiff from the charge of negligence, it results that the evidence upon that point was conflicting to such a degree

that on appeal the decision of the lower court, either in granting or in refusing a new trial, should not be reversed. Where the evidence is thus conflicting, a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict is addressed to the sound legal discretion of the trial court. With its decision thereof interference is unwarranted unless there clearly appears an abuse of such discretion. We cannot say that the court was not reasonably justified in granting the motion in this case. Finally, it is suggested by appellant that if this action is to be tried a third time, the trial should be limited to the single issue of plaintiff's contributory negligence. It has long been settled that a court of appeal, in reversing and remanding a cause, may direct on what issues it shall be retried. (*Robinson* v. *Muir*, 151 Cal. 118, 125 [90 Pac. 521].) In this instance, however, since the order is to be affirmed, we deem it inappropriate to interfere with its terms as entered by the court below. The order is affirmed.''

The order affirmed included the words ''on the ground alone of plaintiff's contributory negligence,'' and in the final trial the issue was so limited and the jury found for plaintiff and that he was not guilty of contributory negligence. The court entered judgment in conformity with the judgment in the second jury trial.

In regard to the law of the case, it is only necessary to cite the case of *Wallace* v. *Sisson*, 114 Cal. 42 [45 Pac. 1000], wherein it is said: ''An unbroken line of decisions, commencing with *Dewey* v. *Gray*, 2 Cal. 374, has established the rule in this state that a decision of this court upon any question of law in a case appealed to it from an inferior court becomes thereby the law of that case, and is thereafter in all subsequent stages of the case binding, not only upon the inferior court, but also upon this court, if again brought before it. It has never been held, however, that the decisions of this court upon a question of fact is subject to this rule. On the contrary, it has been frequently said that the rule is limited to questions of law, and is not applicable to questions of fact. In *Sneed* v. *Osborn*, 25 Cal. 629, it was said: 'It is upon questions of law that the decision of the appellate court becomes the law of the case, and not upon questions

of fact.' . . . In *Benson* v. *Shotwell,* 103 Cal. 163 [37 Pac. 147], the court said: 'The facts disclosed by the record upon this appeal are in substance the same as those which were before the court on the former appeal; and the propositions of law there decided are, therefore, the law of this case, and we are not at liberty to reconsider them. It is true that nothing that was said in that opinion as to the facts could bind the court upon the second trial, nor be conclusive now, since the rule of the law of the case has no application to questions of fact.' And in *People* v. *Hamilton,* 103 Cal. 496 [37 Pac. 630], the court said: 'This rule does not apply . . . to questions of fact.' In *Mattingly* v. *Pennie,* 105 Cal. 514 [45 Am. St. Rep. 87, 39 Pac. 200], the court said: 'It is settled beyond controversy that a decision of this court on appeal as to a question of fact does not become the law of the case.' " In *Moore* v. *Trott,* 162 Cal. 268 [122 Pac. 262], it is said: "So well settled is the proposition that the doctrine of the law of the case, generally speaking, is applied only to the principles of law laid down by the court as applicable to a retrial of fact, that it does not embrace the facts themselves, and does not even embrace points of law not presented and determined, that no quotation from the authorities is necessary, . . . " And in the case of *Cowell* v. *Snyder,* 171 Cal. 291 [152 Pac. 920], it is also said: "The doctrine of 'the law of the case,' generally speaking, has reference only to the principles of law announced by the court as those to be applied to a retrial of fact. It does not embrace the facts themselves nor include points of law not presented and determined. (*Moore* v. *Trott,* 162 Cal. 273 [122 Pac. 462], and cases cited.)"

In view of the California decisions cited, it must be conceded that to whatever extent the law of this case was settled by the decision of the court of appeal in 52 Cal. App. 184 [198 Pac. 427], it does not determine any of the facts, but we believe does determine the meaning of the order of the trial court granting a new trial to be a general order.

Calling attention to particular portions of that opinion we quote: "It may further be suggested that if this limitation of the reasons for the order be excluded, there still remains a general order granting the motion, and re-

spondent would be entitled to the benefit thereof if the facts contained in the record would authorize the motion to be granted upon any ground upon which he relied in presenting his motion. However, it is our opinion that the motion was granted upon the ground of insufficiency of the evidence to justify the verdict, and for the particular reason above stated. . . . Conceding that there was some evidence tending to exonerate the plaintiff from the charge of negligence, it results that the evidence upon that point was conflicting to such a degree that on appeal the decision of the lower court, either in granting or in refusing a new trial, should not be reversed. Where the evidence is thus conflicting, a motion for a new trial on the ground of insufficiency of the evidence to justify the verdict is addressed to the sound legal discretion of the trial court.''

Prior to July 3, 1919, the appellate court had the right to consider that a new trial was granted on the ground of the insufficiency of the evidence, if that ground was mentioned in the motion, whether the order mentioned the grounds or not, and this order was made in January, 1919, and thus while contributory negligence is mentioned, although not a ground of new trial, the court at that time had the right to say, and did say that it was granted on the ground of the insufficiency of the evidence, and that the order was general.

Judgment reversed, with directions to the trial court to proceed in accordance with the views expressed in this opinion.

Works, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 22, 1927, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1928.

All the Justices concurred.