[Civ. No. 7031. First Appellate District, Division One.—July 9, 1930.]

JOHN FREW, Respondent, v. W. C. MOORE, Appellant.

Scott & Pioda for Appellant.

James F. Brennan for Respondent.

THE COURT.—This action was for the recovery of damages for personal injuries alleged to have been caused by defendant's negligent operation of an automobile. A jury returned a verdict for the defendant. The plaintiff moved for a new trial upon the ground of the insufficiency of the evidence to justify the verdict and the motion was granted. The defendant has appealed from the order. He contends that he was not shown to have been negligent, that the evi-

dence established plaintiff's contributory negligence as a matter of law and that the order was consequently an abuse of discretion.

The plaintiff was an engineer employed in the division of highways and on July 3, 1928, was inspecting a section of the state highway which was under course of repair between Gonzales and Salinas. This section of the highway for several miles follows a straight course north and south and on the day of the accident, which occurred about 11 o'clock A. M., the traffic thereon was heavy. The pavement which was being resurfaced was twenty feet wide and plaintiff was examining the west half thereof. According to his testimony he was standing at a point about five feet east of the westerly edge of the pavement when he was struck by the automobile operated by the defendant. The latter was driving north along the east half of the pavement. Other cars were traveling in the same direction and on the same side of the highway and two were within a few feet to the north and south of defendant's automobile. When defendant reached a point a few feet south of where the plaintiff was standing he turned his car to his left upon the west half of the pavement and in so doing struck the plaintiff. According to the testimony, defendant stated afterward that he turned in order to avoid the car in front which had slackened speed and that he did not see the plaintiff. The testimony of other witnesses tended to corroborate that of the plaintiff, who denied the testimony of the occupants of the car which preceded the defendant that he had stepped in front of this car or signaled its driver to stop, it being claimed by the defendant that this caused the accident. Signs were placed along the highway showing that men were at work and defendant admitted that he saw them, and it is a fair inference from the testimony and the course which the vehicle took after the accident that he did not have the same under control.

We are of the opinion that there is nothing inherently improbable in the account of the accident as given by the plaintiff and his witnesses and that their testimony was reasonably sufficient to have supported a verdict in his favor. The trial court believed that the verdict was against the weight of the evidence and under such circumstances was empowered to grant a motion for a new trial. (*Keating* v.

*Keating,* 169 Cal. 754 [147 Pac. 974]; *Weringer* v. *Rutledge,* 180 Cal. 566 [182 Pac. 31]; *Meinberg* v. *Jordan,* 29 Cal. App. 760 [157 Pac. 1005, 1007].)

We find nothing in the record which warrants the conclusion that the order was an abuse of discretion.

The order is affirmed.