[Civ. No. 7627. First Appellate District, Division One.—August 21, 1931.]

JOHN KENNETH WULBERN, Appellant, v. GILROY EXPRESS et al., Respondents.

Franklin T. Swart for Appellant.

Ross & Ross, Owen D. Richardson and Ford & Johnson for Respondents.

WARD, J., *pro tem.*—This is an action for personal injuries. The defendant in his answer pleaded contributory negligence. A jury rendered a verdict in the sum of $2,000 in favor of the plaintiff. The trial court granted a motion for a new trial on the ground of the insufficiency of evidence to sustain the verdict. · Plaintiff appealed from the order granting the motion for a new trial.

At about 11 o'clock P. M. on the night of the accident a truck, with trailer attached, owned and operated by defend-

ants, was proceeding in a southerly direction along the state highway near Belmont in San Mateo County. The highway at this point is an oiled macadam roadway of approximately twenty-five feet in width, with a two and a half foot shoulder on each side. Mechanical difficulty appearing, the driver parked the truck on the right side of the roadway. The tail-light on the trailer was burning. Plaintiff, operating a Ford coupe traveling at a speed of thirty-two miles an hour and in the same direction as the truck, saw the truck and trailer at least forty-five feet away. A traffic officer, experienced in operating Fords, who was well acquainted with the road and its condition on the night of the accident, testified that plaintiff's car at thirty-two miles an hour could be stopped in fifteen feet. The evidence is conflicting upon many essential facts: the exact spot the truck was parked; whether the driver was justified at all in parking under all the circumstances of what the defendants claimed inefficient mechanical condition of the truck; the number of lights on the truck; whether the Ford's right front head-light was out prior to the accident, etc.

█ Assuming, but not deciding, that the defendant was negligent, there was ample evidence upon which the jury might have determined that the plaintiff was guilty of contributory negligence. The evidence was conflicting to such an extent that the jury could have returned a verdict for the defendant. If the court was convinced that the evidence was not sufficient to warrant a verdict for the plaintiff or that the plaintiff was guilty of negligence which caused or contributed proximately to the accident, then the court properly granted the motion for a new trial. █ On a motion for a new trial the court "has power to draw inferences from the evidence opposed to those which were drawn by it upon the trial, provided they are not unreasonable". (*Mercantile Trust Co. of San Francisco* v. *Sunset Roal Oil Co.*, 176 Cal. 451–456 [168 Pac. 1033, 1035].) "Conflicting inferences, if reasonable, stand upon the same plane as conflicting evidence." (*Mercantile Trust Co. of San Francisco* v. *Sunset Road Oil Co., supra.*) █ If it was the contributory negligence of plaintiff which caused the trial court to grant the motion for a new trial, then there was a full compliance with the provision of subdivision 6 of section 657 of the Code of Civil Procedure, which provides

that the former verdict or decision may be vacated and that a new trial may be granted upon the ground of "insufficiency of the evidence to justify the verdict." (*McNeely* v. *Hill,* 52 Cal. App. 184, 185 [198 Pac. 427]). ▮ If there be an absence of evidence or if from the evidence received there is lacking probative force to establish a proposition of fact necessary to sustain a verdict of a jury, it is the duty of the court to grant a new trial. (*Estate of Bainbridge,* 169 Cal. 166–169 [146 Pac. 427].) Unless there is a manifest abuse of the discretion used by the trial court, appellate tribunals will not interfere. (*Campanella* v. *Campanella,* 204 Cal. 515–522 [269 Pac. 433]; *Buck* v. *Borchers,* 203 Cal. 211 [263 Pac. 226]; *Rosenberg* v. *Moore,* 194 Cal. 393 [229 Pac. 34].)

▮ In the instant case there was no abuse of discretion. The trial court may well have concluded that the defendant was not negligent or that if plaintiff was driving with one front light out, it was negligence, or that if both lights were on, plaintiff should have seen the truck and trailer ahead and that in either instance plaintiff's negligence caused or contributed proximately to the accident. The cases cited by appellant and respondents reflect the view of the court upon the law and the facts of each case. The slightest variance in facts will sometimes necessitate a different opinion. ▮ A hard-and-fast rule cannot be made to fit the ever-changing facts and circumstances of each case. The only question here to be determined is, whether or not there is manifest abuse of the discretion with which the trial court is empowered in ruling upon a motion for a new trial. In *Scott* v. *Southern Pac. Co.,* 100 Cal. App. 634–637 [280 Pac. 996, 998], the court said: "And, if there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict or the finding is against the weight of the evidence, and that there should be a new trial. 'When the evidence is conflicting, the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of evidence, it is its duty to grant a new trial.' (*Merralls* v. *Southern Pac. Co.,* 182 Cal. 19 [186 Pac. 778]; *Biaggi* v. *Ramont,* 189 Cal. 675 [209 Pac. 892]; *Soto* v. *Globe Grain & Milling Co.,* 55 Cal. App. 532 [203 Pac. 830].) In considering the question of the correct-

ness of the order the presumption on appeal is in favor of the order and against the verdict. (*Marr* v. *Whistler*, 49 Cal. App. 364 [193 Pac. 600]; *Roberts* v. *Southern Pac. Co.*, 54 Cal. App. ?15 [201 Pac. 958].)'' In this case appellant has failed to convince us of an abuse of discretion by the trial court. The order granting the motion for a new trial is affirmed.

Tyler, P. J., and Cashin, J., concurred.