[Civ. No. 10328. Second Appellate District, Division Two.—September 19, 1935.]

HARRY REDMOND et al., Respondents, v. THELMA COR-
TEZ ALLEY et al., Appellants.

Syril S. Tipton and Elmer E. Sawyer for Appellants.

Freston & Files and Ralph E. Lewis for Respondents.

FRICKE, J., *pro tem.*—Appeal from order granting a new trial.

William J. Redmond, son of respondents, was riding in the automobile of Mary E. McArdle. About 1:30 A. M. on May 26, 1934, on Melrose Avenue near North McCadden Place, in the city of Los Angeles, the car appeared to have run out of gasoline and the deceased got out and was about to push the car·so it could be moved to the curb, when he was struck by an automobile driven by appellant Alley, causing fatal injuries.

■ Appellants concede for the purposes of this appeal that Miss Alley was guilty of negligence, but deny that such negligence was a proximate cause of the death of deceased, and contend that deceased was guilty of contributory negligence. The evidence upon which appellants claim that the jury was justified in finding that there was contributory negligence consists of the testimony of one John C. Quinn that he drove past the stalled car; that he saw the deceased standing at the side of the car; that as he, Quinn, approached, deceased stepped back toward the rear of the car and held up his hand as if to hail him, but that he did not stop, and that shortly thereafter he heard a crash and went back. Miss McArdle testified that the deceased was about to push the car when the crash occurred. The only other eyewitness to the actual collision was appellant Alley, who testified that she did not see the deceased until her car was upon him and that when she saw him he was at the side of the automobile. In the light of this evidence and the attendant circumstances, which we do not consider necessary to set forth, tending to prove that the negligence of Miss Alley was the proximate cause of the death of William J. Redmond, and in view of the conflict of the evidence on the question of contributory negligence on the part of the deceased, we would not hold on appeal that the trial court abused its discretion in setting aside the verdict as against the weight of the evidence.

■ Appellants also contend that there is no evidence on the issue of liability of appellant Vogel. The latter testified that at 9 o'clock on Thursday, May 24, 1934, Miss Alley, who had been with him during the evening, left him driving his car with his consent, and that on Friday afternoon he telephoned and told her to bring the car to him at his

brother's house at about a quarter to 9; that she did not appear there at that time and that he later telephoned her to bring the car over right away, but that she did not bring it and he did not see the car until after the accident. He also testified that Miss Alley was working for different studios and that he loaned her the car to get around and secure employment. At 1 o'clock, about half an hour before the accident, Miss Alley telephoned Mr. Vogel and he told her to return the car, and she was on her way to his home to return the car when the accident occurred. In other words, at the time of the accident Miss Alley was driving the car not only with his permission but at his request. The fact that she had not returned the car on previous requests is immaterial.

It does not, however, necessarily follow that the jury in returning its verdict in favor of Miss Alley and Mr. Vogel based their decision upon a lack of permission on his part to her operation of the automobile. It is more reasonable to believe that having found in favor of Miss Alley they found also in favor of Mr. Vogel, since no liability could attach to him if the actual driver was not liable.

▇ Where the verdict appears to the trial court to be against the weight of the evidence it is not only within its discretion but it is its duty to set the verdict aside on motion for a new trial. (*Lewis* v. *Southern California Edison Co.*, 116 Cal. App. 44, 53 [2 Pac. (2d) 419], and cases cited; *Wulbern* v. *Gilroy Express*, 116 Cal. App. 222, 225 [2 Pac. (2d) 508]; *Malloway* v. *Hughes*, 125 Cal. App. 573, 580 [13 Pac. (2d) 1062]; *Chorn* v. *Pacific Gas etc. Co.*, 135 Cal. App. 195, 199 [26 Pac. (2d) 726].)

The order granting a new trial is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 18, 1935.