[Civ. No. 20063.   Second Dist., Div. Two.   Sept. 13, 1954.]

FRED IMMERGLUCK et al., Respondents, v. EDWARD L. READ et al., Appellants.

James V. Brewer for Appellants.

Joseph T. Enright, Norman Elliott and J. Howard Sullivan for Respondents.

McCOMB, J.—From an order of the trial court granting a new trial on the issue of damages only, on the ground the evidence was insufficient to support the verdict, defendants appeal.

*Facts*: After trial before a jury a verdict was returned in favor of the plaintiffs in the sum of $1,500.  Thereafter plaintiffs made a motion for a new trial, stating in their motion: "Said motion will not be made upon affidavits, but will be made upon the pleadings, files and all proceedings had in the above entitled action resulting in the above verdict and judgment."

The trial court granted the motion on the issue of damages only, for the reason that in its opinion the evidence did not sustain the amount awarded in the verdict.  The defendants claim that the trial court did not have jurisdiction to hear the motion for a new trial for the reason that the motion was defective in that it did not allege that the motion would

be made upon "the minutes of the Court" but merely upon "the pleadings, files and all proceedings had" in the action.

Defendants' contention is without merit. In *Chambers* v. *Farnham*, 39 Cal.App. 17, 19 [179 P. 423], a notice stating that the motion would be made on a *"transcript of the proceedings"* was held to mean the same thing as on the *"minutes of the court."* In *McNeely* v. *Hill*, 52 Cal.App. 184, 185 [198 P. 427], (hearing denied by the Supreme Court) the court determined that a notice of intention to move for a new trial stating that the motion would be made upon certain stated grounds and *"upon the records, papers and files in said action"* constituted a substantial compliance with the requirements of section 659 of the Code of Civil Procedure and would be construed as giving notice that the motion would be made *"upon the minutes of the court,"* inasmuch as the minutes of the court are a part of the records in the cause.

Clearly the foregoing authorities are here controlling since the *"minutes of the court"* are a part of *"all the proceedings had in the action."*

The order is affirmed.

Moore, P. J., and Fox, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 10, 1954.