[Civ. No. 4737. Second Appellate District, Division Two.—February 20, 1928.]

JOHN G. SMART, Appellant, v. GEORGE SPANGLER, Respondent.

Arthur E. Koepsel for Appellant.

Scarborough, Forgy & Reinhaus and Otto Sanaker for Respondent.

HAZLETT, J., *pro tem.*—Plaintiff (appellant) sued to recover $5,125 actual and $5,000 exemplary damages on account of personal injuries resulting from a blow on his mouth administered by defendant. A jury trial was had and the jury awarded plaintiff $1,625 actual and $1,000 exemplary damages.

Defendant moved for a new trial and the court made its order granting the motion, conditioned as provided in the order, as follows: "Motion for New Trial granted if plaintiff does not on or before February 19, 1924, remit all damages in excess of $500.00, exclusive of costs, upon the ground of the insufficiency of the evidence to sustain the verdict and also upon the ground of excessive damages appearing to having [sic] been given under the influence of passion and prejudice."

Plaintiff appeals from the order contending that he is entitled to the full amount awarded by the jury, and that the reduction in the amount made by the trial court was greater than justified by the evidence.

The following facts are fairly shown by the evidence produced by each party, considered together:

Each party was a blacksmith, and at the time the events complained of occurred each had a blacksmith-shop in Whittier and they were business rivals. Plaintiff had worked for defendant in defendant's shop for about three years, ceasing the employment about a year prior to the time complained of, and plaintiff opened his shop a short time before the events occurred. Defendant complained that plaintiff interfered with his business and persisted in taking customers away from his shop, and defendant was very resentful toward plaintiff. Immediately preceding the events complained of, certain horses were brought to defendant's shop to be shod and defendant's employee commenced to work on them when they were taken away to plaintiff's shop. Defendant then went to plaintiff's shop and complained that plaintiff had caused the removal of the horses from defendant's shop, which plaintiff denied. Defendant testified that plaintiff called him a liar, which plaintiff denied. Defendant then called plaintiff a vile name and struck plaintiff on the mouth with his hand or fist. During all of his life plaintiff had been and was then afflicted with a cleft palate, united in front and with only one-half to three-quarters of an inch of bone or that much of fibrous structure. The blow broke his upper jaw apart at its weak point, broke off a false tooth that had been fastened to a root of a tooth and loosened one or more natural teeth. The injuries kept plaintiff from his work for two weeks, caused him pain and suffering and affected his ability to eat. The probability was that the break in the jaw never would fully unite. Plaintiff was caused expense of seventy-two dollars for hire of a man in his place and ten dollars medical charges.

The cleft palate had always caused plaintiff to enunciate his words in the manner peculiar to persons so afflicted, and while the evidence does not directly show that defendant was aware of plaintiff's affliction, the close association of the two men during the previous years should and no doubt did inform defendant of its existence, and he should have known that plaintiff's upper jaw would be more easily broken than that of a normal person.

While we might conclude from a consideration of the cold print in the briefs and transcript of the evidence, not having the witnesses before us or the opportunity to observe

their demeanor on the stand or their manner of testifying, that there is sufficient evidence to sustain the awards of the jury, the province of the trial court would be infringed should we disturb its ruling.

The well settled and familiar rules governing courts of appeal are that insufficiency of the evidence to justify the verdict is a ground for new trial peculiarly within the province of the trial court, and its order granting a new trial will not be disturbed on appeal unless it clearly appears that there was an abuse of discretion. These rules have been so often announced that citation of authorities is unnecessary.

The same rules apply in relation to the holding of the trial court that excessive damages were given by the jury under the influence of passion and prejudice. As announced in the leading and often cited case of *Harrison* v. *Sutter Street Ry. Co.*, 116 Cal. 156, 164 [47 Pac. 1019], every intendment is to be indulged upon appeal, in support of such action of the trial court, and its order will not be disturbed if the question of its propriety be open to debate.

Under the evidence the action of the trial court is at least open to debate, and it does not appear that there was an abuse of discretion.

The order granting a new trial is affirmed.

Craig, Acting P. J., and Thompson, J., concurred.