[Civ. No. 6872. First Appellate District, Division One.—September 19, 1929.]

WILLIAM SCOTT (a Minor), Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

M. F. Sylva and Hamilton A. Bauer for Appellant.

Kincaid & Fitzpatrick for Respondent.

KNIGHT, Acting P. J.—An action to recover damages for personal injuries alleged to have been caused by the defendant's negligence. The jury returned a verdict in plaintiff's favor, but the trial court granted a new trial upon the ground of the insufficiency of the evidence; and from the order made in that behalf plaintiff has taken this appeal.

The evidence adduced at the trial is conflicting on some points, but in the main is without dispute. Briefly stated, it is as follows: Shortly after 2 o'clock on the morning of May 7, 1927, one of the defendant's freight trains consisting of an engine and fifty-three cars, traveling easterly between Redwood City and Newark over the Dumbarton cutoff, stopped a short distance easterly of Redwood City to take water from a tank standing just beyond the so-called Middlefield road crossing in San Mateo County, and in doing so blocked the crossing, about one-third of the train not yet having passed over it. Just as the train was coming to a standstill appellant approached the crossing from the north in an automobile. He was driving alone and did not see the train until within ten feet of it, and then, in order to avoid colliding with the side of it, turned abruptly to the left and by such maneuver overturned his automobile and was injured. The train crew consisted of an engineer, a fireman, conductor and three brakemen; and the train was made up of various kinds of cars, including tank and box cars. The "head" brakeman was stationed on the engine, the conductor and "swing" brakeman were riding about the middle of the train, and the "rear" brakeman was in the caboose. While crossing the highway the train traveled slowly, at a speed of about two miles an hour, and as soon as it stopped the conductor and "swing" brakeman alighted and the latter was instructed by the conductor "to go back and protect the crossing and cut the train if necessary." He started back toward the crossing at once, but had gone not more than fifty feet when he heard a crash, and upon reaching the crossing found plaintiff's automobile overturned

on the west-bound track within a few feet of the train. Appellant had already been extricated from the overturned automobile by friends who had been following closely behind him in another automobile.

At the time of the accident appellant was eighteen years of age and lived just off the Middlefield road, a short distance south of the railroad crossing. He had resided there for upward of seven years, and had traveled the road and over said crossing very frequently going to and coming from Redwood City, and was therefore thoroughly familiar with the location of the crossing. Besides there were railroad and other crossing signs erected along the side of the road about 365 feet from the crossing. On the night of the accident appellant had been visiting friends near Redwood City and was returning home, and he testified that he knew when he was about to cross the tracks and consequently slackened his speed to less than fifteen miles an hour; that the headlights of his automobile were lighted and in good condition, but that it had been raining and his vision was obscured by weather conditions and the moisture on the windshield of his car. He admitted, however, that because of the speed he was traveling when close to the crossing and the wet condition of the pavement a collision with the side of the train would have been inevitable if he had not turned abruptly to the left. With reference to the question of visibility that night the rear brakeman testified that as the train neared the crossing he looked ahead in the direction of the Middlefield road for a distance of a quarter of a mile and saw the headlights of an automobile approaching the crossing at a rapid rate of speed and immediately after the train stopped he heard a crash; that believing that the automobile had run into the train he instantly "cut" the air control of the train so that it could not be moved; that he then saw a freight train approaching from the opposite direction on the westbound tracks, and that he ran forward to flag that train. It was also shown that there was an electric street light suspended from a pole about sixty-two feet south of the crossing; that the light was burning at the time of the accident and could be seen on the Middlefield road on the northerly side of the crossing, over the top of the train, for a distance of sixty feet or more.

■ "The well-settled and familiar rules governing courts of appeal are that insufficiency of the evidence to justify the verdict is a ground for new trial peculiarly within the province of the trial court, and its order granting a new trial will not be disturbed on appeal unless it clearly appears that there was an abuse of discretion." (*Smart* v. *Spangler,* 89 Cal. App. 351 [264 Pac. 806, 807].) ■ When the evidence in the present case is considered in the light of the legal rules established by the decisions of this state (*Billig* v. *Southern Pac. Co.,* 192 Cal. 357 [219 Pac. 992], and cases therein cited) relating to the duty imposed upon persons about to cross railroad tracks, it cannot be fairly held that the trial court abused its discretion in granting a new trial. ■ True, as appellant contends, the evidence is conflicting on some of the issues of fact the jury was called upon to determine, but such conflict did not preclude the trial court from granting a new trial if it was satisfied that the verdict was not supported by or was contrary to the weight of the evidence. As stated in California Jurisprudence, volume 20, page 117: "While a motion for new trial on the ground of 'insufficiency of the evidence to justify the verdict or other decision' may be properly refused if there is a substantial conflict in the evidence, it is settled that the trial court is not bound by the rule as to conflicting evidence, as is the appellate court. The trial court may, and indeed should, grant a motion for new trial where one of the grounds of the motion therefor is insufficiency of the evidence, if it is satisfied that the verdict or decision is not supported by, or is contrary to, the weight of the evidence, although the evidence is conflicting on the point or points at issue, since in passing upon a motion for new trial, the trial court must weigh and consider the evidence of both parties, and determine for itself the just conclusion to be drawn." Many of the authorities supporting the foregoing rule are reviewed and the rule is restated in *Rosenberg* v. *Moore,* 194 Cal. 392 [229 Pac. 34, 36], wherein the court says: "In *Gordon* v. *Roberts,* 162 Cal. 506 [123 Pac. 288], it was said: 'This court has frequently commented upon the wide extent of the discretion of the trial court in granting or denying a new trial for insufficiency of evidence. "Its action," as was said in *Domico* v. *Cassassa,* 101 Cal. 411 [35 Pac. 1024], "is conclusive upon

this court unless there has been an abuse of discretion.'' And, if there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict or the finding is against the weight of the evidence, and that there should be a new trial. ''When the evidence is conflicting, the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of evidence, it is its duty to grant a new trial.'' ' (*Merralls* v. *Southern Pac. Co.*, 182 Cal. 19 [186 Pac. 778]; *Biaggi* v. *Ramont*, 189 Cal. 675 [202 Pac. 892]; *Soto* v. *Globe Grain & Milling Co.*, 55 Cal. App. 532 [203 Pac. 830].) In considering the question of the correctness of the order the presumption on appeal is in favor of the order and against the verdict (*Marr* v. *Whistler*, 49 Cal. App. 364 [193 Pac. 600]; *Roberts* v. *Southern Pac. Co.*, 54 Cal. App. 315 [201 Pac. 958]).''

Appellant has attached to his brief as a supplement thereto a printed copy of the reporter's transcript of the evidence, but has made no attempt to point out by way of argument or transcript reference the portions of the evidence upon which he relies to show that the trial court abused its discretion in granting a new trial. He contents himself merely with the statement that the case cited by the trial court in its order granting the new trial ''fails to show any reason in the case at bar why a new trial should have been granted . . . ''; and in support of such statement he quotes from the case of *Rocha* v. *Garcia*, 203 Cal. 167 [263 Pac. 238, 240], as follows: ''Where the verdict of the jury and judgment based thereon may be sustained on any reasonable theory it will not be disturbed by the appellate court.'' It is self-evident, however, that the rule just quoted is the one governing courts of the appellate jurisdiction in reviewing evidence on appeal, and has no application to the trial court in the exercise of its discretion in passing upon a motion for a new trial.

The order is affirmed.

Cashin, J., and Deasy, J., *pro tem.*, concurred.