[Civ. No. 7130. First Appellate District, Division One.—July 7, 1930.]

MURREL FORD, Respondent, v. LUCILLE WILSON, Appellant.

Reardon & Curtaz and George A. Corbett for Appellant.

Myron Harris and Joseph L. Fainer for Respondent.

DEASY, J., *pro tem.* — Respondent brought this action against appellant to recover the sum of fifteen thousand dollars as damages for personal injuries sustained by her in a collision between a Chalmers automobile being driven by respondent, and a Buick automobile being driven by appellant. The collision occurred on the sixth day of March, 1928, at or about the intersection of Fourteenth Avenue, East Twenty-seventh Street and Vallecito Street, in the city of Oakland. The case was tried before the court sitting with a jury, and a verdict was rendered by the jury in favor of appellant. Subsequently the court granted a new trial on the ground of the insufficiency of the evi-

dence to justify the verdict, and that said verdict was against law. From this order this appeal has been brought before the court.

The only ground urged by appellant to reverse the judgment is that respondent was guilty of contributory negligence as a matter of law contributing directly and proximately to the injury and damage sustained by her, and that the granting of a new trial by the trial court, under the circumstances disclosed by the evidence was an abuse of discretion on its part.

Briefly stated, the facts of the case are as follows: Respondent, on the sixth day of March, 1928, at about 3 o'clock in the afternoon was driving a Chalmers automobile in a northerly direction on Fourteenth Avenue. Her sister was ill and in the Highland Hospital, which is located on the westerly side of Fourteenth Avenue to the north of a point where East Twenty-seventh Street and Vallecito Street intersect the westerly line of Fourteenth Avenue. Her husband was riding with her at the time. According to her testimony and that of her husband, as she approached East Twenty-seventh Street she was driving four or five feet westerly from the easterly curb of Fourteenth Avenue, and at a speed of fifteen or sixteen miles an hour. As she approached East Twenty-seventh Street she eased over toward the center of the street, and about half a block before reaching East Twenty-seventh Street, according to her testimony and that of her husband, she held out her left arm in a horizontal position as a signal for a left-hand turn. When she had passed the center of the intersection, according to her testimony and that of her husband, she turned her automobile to the left, and had proceeded only a few feet when the automobile of the appellant, coming from the rear and to the left of respondent's automobile, crashed into it. Both respondent and her husband testified that prior to the collision they heard no horn blown and were unaware of the approach of appellant's car. Respondent also testified that she looked in her rear vision mirror before turning to her left, and did not see the other car approaching. There was also some evidence that appellant's car was going about thirty or thirty-five miles an hour shortly prior to the impact, and that at the time of the collision respondent's car was going about ten or twelve miles an hour. There was

also some testimony that shortly after the collision appellant stated that it was her fault.

Appellant's testimony contradicted that of respondent in nearly all of its important details. She testified that she had first seen respondent's car several blocks south on Fourteenth Avenue, and that it was then about three blocks ahead of her. She also testified that her speed was greater than that of respondent, and that she gained on respondent, until in the block just south of East Twenty-seventh Street they were but a short distance apart. That she blew her horn continuously for some time prior to the collision, and that she did not see any arm signal from the other car. She also denied having stated that she was at fault, and also claimed that the collision happened south of the center of the intersection, and that respondent was cutting the corner.

There was other evidence corroborating respondent's testimony and that of her husband relative to the admissions, and also evidence corroborating her testimony as to the place where she turned in the intersection, all of which created a substantial conflict in the evidence. Many of the details as to feet and yards, and the like, have been omitted here, the purpose of this brief statement of facts being merely to bring out the high lights of the evidence so that the order of the trial court granting the motion for a new trial may be properly considered.

Appellant, in her opening brief, readily concedes the law to be that in passing upon a motion for a new trial upon the ground of the insufficiency of the evidence to sustain the verdict, that the trial court is not bound by the same rules as the appellate court with reference to a finding made upon conflicting evidence. And that though the evidence be conflicting, the trial court may in its discretion, set aside a verdict of a jury and grant a new trial. Further, that in so doing there is no infringement upon the right of any party litigant to a trial by jury, that right having been fully met when the jury returned its verdict.

Appellant contends, however, that it is not in every case that the order of the trial court granting a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict will be affirmed. With this we agree,

else why should an appeal from the order be permitted if the only result could be an affirmance?

We do not disagree with the rules laid down in the cases cited by appellant relative to the power and the duty of the trial court in granting motions for a new trial, but they are not necessarily binding in this case in view of the record.

It has been held in many cases in this state that the granting or refusing of a new trial is a matter largely in the discretion of the trial court, and it is only when this discretion has been abused that the appellate court will reverse the order. (*Merralls* v. *Southern Pac. Co.,* 182 Cal. 19 [186 Pac. 778].)

In the case of *Smart* v. *Spangler,* 89 Cal. App. 351, at page 354 [264 Pac. 806, 807], the court said: "The well settled and familiar rules governing courts of appeal are that insufficiency of the evidence to justify the verdict is a ground for new trial peculiarly within the province of the trial court, and its order granting a new trial will not be disturbed on appeal unless it clearly appears that there was an abuse of discretion. These rules have been so often announced that citation of authorities is unnecessary."

To the same effect is the holding of the court in the case of *Scott* v. *Southern Pac. Co.,* 100 Cal. App. 634 [280 Pac. 996].

In the instant case the question submitted is, has the trial court abused its discretion in granting a new trial on the ground of the insufficiency of the evidence to justify the verdict? The only reason urged by appellant which she claims shows that the court did abuse its discretion in so doing is that respondent was guilty of contributory negligence as a matter of law.

In support of this contention appellant refers to sections 129a and 130a (Stats. 1923, p. 558) of the California Motor Vehicle Act as amended in 1925 (Stats. 1925, p. 413, sec. 15a), and relies upon the case of *Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193, 194]. In that case the Supreme Court was dealing with a judgment of the trial court, sitting without a jury, and was discussing the question of negligence of the defendant as a matter of law, and the quotation in appellant's opening brief in the instant case omits a very

important part of the decision. What the court said in that case, applicable here, is as follows:

"As we see it, this case falls within the general rule that negligence is a question of fact for the trial court or jury. Here it was peculiarly a question for the court trying the cause to decide as a matter of fact whether or not the defendant was negligent in executing this left turn in the manner in which he did."

The rule so expressed was applied by the court in the case of *Commonwealth Ins. Co.* v. *Riverside-Portland Cement Co.*, 69 Cal. App. 165 [230 Pac. 995].

Every case must be determined upon its own set of facts. In *Donat* v. *Dillon, supra,* it appeared that the defendant, after preparing to make a left-hand turn, saw the other car approaching at an excessive rate of speed, and yet proceeded to cross its path. In the instant case the respondent did not see the approaching car until almost the moment of impact. There is here a very clear distinction. The question here is whether or not respondent was negligent in failing to take the necessary precautions to enable her to see the car approaching from the rear in time to avoid the impact, and whether her failure to take such precautions, if she did so fail, and we are not undertaking to decide that question here, was the proximate cause of the injury. These matters are of necessity questions of fact and not of law.

█ Contributory negligence is a matter of law only when the court is impelled to say that from the facts reasonable men can draw but one inference, and that inference points unerringly to the negligence of plaintiff contributing to his injury. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125]; *Smith* v. *Southern Pac. Co.,* 201 Cal. 57 [255 Pac. 500]; *Flores* v. *Fitzgerald,* 204 Cal. 374 [268 Pac. 369].)

In the light of these well established rules of law, and upon a full consideration of all of the evidence in this case, we cannot say that with all of the conflicting testimony upon the most vital matters involved, reasonable men can draw but one inference. The trial court heard the evidence, saw the witnesses, observed their demeanor on the stand, and was in a much better position than an appellate court to

determine the rights of the parties on the motion for a new trial.

We can see no abuse of discretion whatever upon the part of the trial court, and the order granting a new trial is affirmed.

Tyler, P. J., and Cashin, J., concurred.