[Civ. No. 4341. Third Appellate District.—April 18, 1931.]

GUY RUPERTO, Respondent, v. BESSIE THOMAS, Appellant.

524

Percy V. Long, Bert W. Levit and Harold Wyatt for Appellant.

Thos. P. O'Brien and Devine & Devine for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment for damages resulting from an automobile collision at the intersection of streets.

Georgia and Amador Streets in the city of Vallejo intersect at a right angle. The plaintiff was driving a Chrysler roadster easterly on Georgia Street along a course about ten feet from the south curbing. The top of his machine was open at either side. It was daylight. There was apparently no traffic in view. The plaintiff had crossed a bridge which was located about a block west of the intersection of these streets. He was traveling at a speed of about twenty-five miles an hour. When he reached a point seventy-five feet from the nearest line of Amador Street, he slackened his speed to about ten miles an hour and extended his left arm horizontally for the purpose of indicating his intention to make a U-turn at the intersection. This left-arm signal was maintained until he reached the inter-

section. He also directed his course to within a foot or two of the south curbing to make room for the turn. When he reached a point twenty-five feet from the nearest line of Amador Street he looked into his rear-view mirror and glanced to his left. He testified that his mirror gave him a clear view of the entire street back to the bridge, a distance of three hundred or four hundred feet, and that there was no vehicle in sight. Upon reaching the intersection he proceeded to turn to his left glancing toward the left as he drove. He testified in this regard: "Q. . . . Did you not have a vision here of some portion to your left hand? A. I had a vision to my left, yes sir. Q. . . . You saw the condition of traffic or absence of traffic here, as you swung around? A. It was clear of traffic; that is why I made the turn. Q. Do I understand that you mean to say that you did look here to your left and saw it clear? A. I looked, and just as I looked up to my left I was struck. Q. But, as you circled around here, you saw over here to your left to some extent did you? A. Yes sir." Just as the front of the plaintiff's car passed the intersection button it was struck midway upon the left side by the defendant's machine and dragged a distance of about fifty feet. The plaintiff testified in this regard: "Q. Was any of your car past the center of the button at the time of the impact? A. The front of my car was past the center of the street. . . . Q. And it dragged your car then from where it struck about fifty feet? A. Yes sir."

The defendant testified that she followed the plaintiff in her Buick coupe at a distance of about twenty-five feet at the rear of his car; that when he turned to his right toward the curbing for the purpose of making a U-turn, she thought he was going to turn to his right into Auburn Street and she therefore accelerated her speed to pass upon the left. She also said she saw no left-arm signal on the part of plaintiff. In a critical examination upon this subject she would not state that he made no such signal, but merely persisted in saying she did not see the signal. She claimed to have been driving only about twenty miles an hour at the time of the impact.

The appellant concedes that the record will support the finding of negligence on the part of the defendant. The only issue which is raised on appeal is the alleged contribu-

tory negligence of the plaintiff. It is insisted that under section 130 (a) of the California Vehicle Act it was the duty of the plaintiff to have refrained from attempting to make this U-turn until he was absolutely certain it could be accomplished in safety. It is argued that the very fact that a collision occurred is proof that the plaintiff was not warranted in assuming the turn could be made in safety, and that he was therefore guilty of contributory negligence in attempting to do so under the circumstances. It is true that in response to a question propounded to the plaintiff on cross-examination, he did say he did not look from the side of his car toward the back before he turned. · This question and answer were immediately followed by his statement that "I had a vision to my left, yes sir."

Section 130 (a) of the California Vehicle Act provides in part: "The driver of any vehicle upon a public highway before starting, turning or stopping such vehicle shall first see that such movement can be made in safety . . ."

This language does not mean the driver of a vehicle may not turn his machine at an intersection of streets unless there is absolutely no possibility of an accident. It must receive a reasonable construction. No specific acts or omissions of the driver of a motor vehicle in changing the course of his machine at the intersection of streets may be characterized as negligent under all circumstances. The negligence of a driver must be determined by an application of the well-settled rule of negligence as to what a reasonably prudent person should do under like circumstances. The language of section 130 (a) above quoted should be construed to mean that the driver of a vehicle upon a public highway, before starting, turning or stopping such vehicle must use such precaution as would satisfy a reasonably prudent person acting under similar circumstances that he could do so safely. The question as to whether the conduct of a driver of a vehicle amounts to contributory negligence under the particular circumstances is a problem for the determination of the trial court or jury.

There is ample evidence in the present case to sustain the finding of the court to the effect that the plaintiff was not guilty of contributory negligence in the operation of his machine at the time of the accident. The plaintiff

testified there was no traffic in sight at the time he attempted to make the turn. He was running only twenty-five miles an hour. He extended his left arm indicating his intent to make the turn, at a point seventy-five feet from the intersection. He held his left arm out as a signal until he reached the very intersection. He then slackened his speed to about ten miles an hour. At a point twenty-five feet from the nearest line of Amador Street, he looked into his rear-view mirror. He then had a full view of the entire street in the rear of his machine back to the bridge, a distance of about three hundred feet. There was then no car in sight. When he began to turn the machine, he glanced out of the left side. It may be true he did not thrust his head out at the side and look to the rear. In the absence of evidence to the contrary, the court had a right to assume that his clear view to the rear through the mirror for a distance of three hundred feet was adequate precaution against the approach of a vehicle from that direction. There were no automobiles whatever in sight. What more could one expect from a reasonably careful driver? When the impact occurred the plaintiff's car was shoved a distance of about fifty feet. This indicates great force and speed of the defendant's car. She did not see his signal indicating his intention to make the turn. She admits speeding up just before the collision. The question as to whether she traversed the intervening three hundred feet between the bridge and the intersection after the plaintiff looked in his mirror, was a problem for the determination of the court. Under such circumstances we are satisfied the evidence sufficiently supports the judgment and that it may not be said as a matter of law the plaintiff was guilty of contributory negligence.

The judgment is affirmed.