[Civ. No. 9146. Second Appellate District, Division One.—October 29, 1934.]

JAMES A. TEEL, Respondent, v. CAMDEN FIRE IN-SURANCE ASSOCIATION (a Corporation) et al., Appellants.

626

Knight & Reynolds for Appellants.

Sparling & Teel and Courtney A. Teel for Respondent.

YORK, J.—This is an appeal from an order granting a new trial after judgment on verdict in favor of appellants. On May 18, 1931, the plaintiff suffered injuries as the result of a collision with a motor truck owned by Signal Trucking Company. He thereafter brought an action against the trucking company and recovered judgment in the sum of $17,170.60 and costs of suit. At the time of the accident the trucking company carried with the defendant insurance companies a contract of insurance indemnifying it against liability for injuries to persons and damage to property arising out of or occasioned by the use, operation and maintenance of the trucks of said assured. The present action was brought against the insurance companies to recover the amount of the judgment rendered against the assured, except for the sum of $1570, which has been paid on the judgment by the assured.

Defendants interposed the defense that the contract of insurance had lapsed prior to the accident by reason of the fact that the monthly premium for the policy had not

been paid. Affixed to the policy of insurance was the following indorsement:

"It is hereby understood and agreed that the annual premium under this policy, amounting to $2320.57, shall be due and payable as follows:

"386.77—upon delivery of the policy.

"$175.80—on the eighth day of each succeeding month thereafter during the currency of this policy.

"It is further understood and agreed that the failure of the assured to pay to the company or its duly authorized representative the sum of $175.80 as above set forth shall terminate the company's liability under this policy as of said due date."

It is conceded that the policy of insurance was dated April 8, 1931, and it is shown by the evidence that the initial payment of $386.77 was made on the date the policy was delivered, and that the check for $175.80 which was given by the trucking company in payment of the premium due on May 8, 1931, was not paid.

Upon trial of the action, the jury brought in its verdict in favor of the defendant insurance companies, whereupon plaintiff made his motion for a new trial upon all of the statutory grounds. The order granting said motion specified: "One of the grounds for this ruling is the insufficiency of the evidence."

Appellants now contend that the evidence was amply sufficient to justify the verdict and that the other grounds of the motion for new trial were untenable in fact and in law. A careful examination of the record before us convinces us that there was no abuse of discretion on the part of the trial court in granting the motion for a new trial.

"Insufficiency of the evidence to justify the verdict or decision is a ground for new trial appealing particularly to the discretion of the trial court, and its order either granting or refusing a new trial has not been disturbed on appeal in the absence of a showing of abuse of discretion. The rule adopted in the appellate court, that the verdict of a jury will not be disturbed on the ground of insufficiency of the evidence, unless it appears, without substantial conflict, that there is no evidence to sustain the verdict, has no application to the trial court. The judge of that court has the same opportunity to see the witnesses, to judge

of their credibility, and of the degree of weight which ought to be given to their evidence, as the jury has, and is often better qualified to determine these questions than the jury itself. If there is any appreciable conflict in the evidence, action of the court in granting a new trial is conclusive on the appellate court; and even where there does not appear to be a conflict in the evidence, the action of the trial court will not be disturbed where there appears to flow from the general surrounding circumstances of the case, probable justification for discrediting or giving no weight to testimony which, on its face, may bear all the earmarks of probability. The appellate court does not interfere with the action of the trial court in granting a new trial, even when the evidence on which it has acted may consist of depositions and documentary and oral evidence." (2 Cal. Jur., p. 908.)

"It has been held in many cases in this state that the granting or refusing of a new trial is a matter largely in the discretion of the trial court, and it is only when this discretion has been abused that the appellate court will reverse the order. (*Merralls* v. *Southern Pac. Co.*, 182 Cal. 19 [186 Pac. 778].)

"In the case of *Smart* v. *Spangler*, 89 Cal. App. 351, at page 354 [264 Pac. 806, 807], the court said: 'The well-settled and familiar rules governing courts of appeal are that insufficiency of the evidence to justify the verdict is a ground for new trial peculiarly within the province of the trial court, and its order granting a new trial will not be disturbed on appeal unless it clearly appears that there was an abuse of discretion. These rules have been so often announced that citation of authorities is unnecessary.' " (*Ford* v. *Wilson*, 107 Cal. App. 131, at 135 [290 Pac. 120].)

It therefore becomes unnecessary for us to rule on the other grounds of the motion.

The order granting the motion for new trial is affirmed.

Conrey, P. J., and Hahn, J., *pro tem.*, concurred.