[Civ. No. 11603.   Second Appellate District, Division One.—November 15, 1938.]

FEROL ROSE et al., Respondents, v. GEORGE CARTER, Appellant.

C. F. Jorz for Appellant.

Rollin L. McNitt, Allan S. Lund and Edythe Jacobs for Respondents.

DORAN, J.—This is an appeal from an order granting plaintiffs a new trial after judgment entered on the verdict of the jury in favor of defendant.

Plaintiff Ferol Rose, at about 11:00 o'clock P. M., on the night of April 16, 1936, undertook to cross La Brea Avenue from west to east at a point just north of First Street in Los Angeles.   She was struck by an automobile driven by defendant traveling north on La Brea at a point on the east side of La Brea about midway between the center line and the curbstone.

In an action for damages the jury returned a verdict in favor of the defendant. A motion for a new trial was granted by the trial judge on the sole ground of "insufficiency of the evidence".

It is contended by appellant that the trial court abused its discretion in the granting of the above motion, in connection with which it is argued that there is no evidence in the record which will support a finding of negligence on the part of the defendant, nor any evidence in the record which would support a verdict in favor of plaintiffs.

Although the theoretical extension of the north sidewalk on First Street across La Brea was not marked, for convenience it will be referred to as the "crosswalk". Plaintiff admittedly left the curb on the west side of La Brea at a point north of the crosswalk. From this point, according to her testimony, she walked diagonally in a southeasterly direction toward the northeast corner of La Brea and First Street. Two automobiles stopped for her to permit her to cross the west side of La Brea; one of them skidded to a stop. An examination of the plaintiff's own testimony (pages 89 to 93 of the Reporter's Transcript) in connection with the map which was filed as an exhibit in the case, reveals that she was not within the crosswalk at the time she was struck by defendant's automobile. Other witnesses place the accident some distance north of the crosswalk. The evidence of negligence on the part of the defendant is slight.

The appeal, from defendant's viewpoint, is by no means unjustified or without merit. A careful reading of the testimony reveals a generous abundance of evidence in support of the jury's verdict. Indeed, in the light of the record, any other verdict could scarcely have been expected. Nevertheless, the law is well settled that "insufficiency of the evidence to justify a verdict is a ground for a new trial which is peculiarly within the discretion of the trial court and its order either granting or denying a new trial will not be disturbed on appeal unless it appears that there was a manifest abuse of discretion". (*Prout* v. *Perkins*, 21 Cal. App. (2d) 343 [69 Pac. (2d) 194].) Moreover, "if there is any appreciable conflict in the evidence, action of the court in granting a new trial is conclusive on the appellate court". (*Teel* v. *Camden Fire Ins. Assn.*, 1 Cal. App. (2d) 625 [37 Pac. (2d) 131].) And, "Every presumption will be indulged in favor

of the proper exercise, by the court below, of its judicial discretion in granting a new trial upon the ground of the insufficiency of the evidence to support the decision.'' (*Prout v. Perkins, supra.*)

There is an appreciable conflict in the evidence, under which circumstances, to hold that the trial court abused its discretion, would be unwarranted as contrary to the weight of authority.

In view of the foregoing, it becomes unnecessary to dispose of other minor questions raised by appellant.

The order granting the motion for a new trial is affirmed.

York, P. J., and White, J., concurred.