[Civ. No. 12999.   Second Dist., Div. Two.—June 3, 1941.]

ROY WASHAM, Respondent, v. PEERLESS AUTOMATIC
STAPLE MACHINE COMPANY (a Corporation) et al.,
Appellants.

Cecil A. Borden for Appellants.

Betts & Garrison for Respondent.

MOORE, P. J.—Defendants appeal from a judgment which awarded plaintiff the sum of $1173 as damages suffered by reason of injuries to property and person resulting from an intersectional collision, and which denied relief under the cross-complaint. The findings of the court were that by reason of the negligence of defendants in the operation of their automobile, it collided with the automobile of plaintiff and caused him certain physical injuries; that at the time the plaintiff was operating his automobile in a careful and prudent manner.

From the testimony of the witnesses and the reasonable inferences deduced therefrom, the facts which supported the court's findings are that as plaintiff travelled westerly on Wilshire Boulevard, he was going at about 20 miles per hour as he approached Bonsal Street; that when he was 100 feet from the intersection, he observed the automobile of defendant about 400 feet west of the intersection, which added to the 50 foot width of Bonsal made the distance about 550 feet

between the parties at the time of such observation; that at the same time defendants' car was preceded by another west-bound car hereinafter referred to as the "Y" car; that defendant was traveling at a speed of 30 to 40 miles per hour. It was plaintiff's intention to make a left hand turn at the right angle intersection of Wilshire Boulevard and Bonsal Street and he decelerated his speed to about 10 miles per hour in order to make the turn and to permit the "Y" car to turn north on Bonsal. As plaintiff turned around the center of the intersection, he calculated that he could move southward on Bonsal without interference from defendants' car. The rear of his car was about even with the center of Wilshire Boulevard and his front bumper was about to enter the middle lane of the southerly half of Wilshire. At that moment, defendants' car was about 130 feet west of plaintiff's car which placed it about 76 feet west of the southerly line of Bonsal Street. Having calculated that he might proceed with safety, plaintiff continued across the southerly half of Wilshire until the front wheels of his car had crossed the extended southerly curb line of Wilshire Boulevard. As he was entering the middle lane of the southerly half of Wilshire, he saw that defendants' car was veering from the lane lying adjacent to the center line of the boulevard into the middle lane of the south half. But assuming that defendant driver would slow down or that he would turn back into the lane in which he had been traveling, or otherwise obey the law, plaintiff continued his southerly course across the southerly half of Wilshire Boulevard. The impact was so violent that plaintiff's car was caused to slide along the pavement some 6 or 8 feet and a deep groove was made by the force of the rim of the front wheel of plaintiff's car.

Defendants base their appeal upon two propositions: (1) that plaintiff was guilty of contributory negligence *per se*; and (2) that plaintiff had the last clear chance to avoid the accident.

In support of their contention, defendants invoke two of the statutes embodied in the Vehicle Code, to-wit:

"Section 544. No person shall turn a vehicle unless and until such movement can be made with reasonable safety. . . ."

"Section 551. The driver of a vehicle within an intersection intending to turn to the left shall yield the right of

way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard but said driver having so yielded and having given a signal when and as required by this code may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the driver making the left turn.''

It will be observed from the language of section 544 that a left-hand turn on a public highway shall be made only when it can be done with reasonable safety. No definite distance from the turning vehicle is prescribed for the moving object which might interfere with safety. From the language of that section, it is to be concluded that the driver making the left turn must exercise that degree of care that should be exercised by a person of reasonable caution and prudence under the same circumstances. Whether the party making the turn exercised such reasonable care was a fact to be determined by the trial court from all of the evidence in the case. If this were not so, the legislature would have prescribed a definite distance in yards or meters that a moving object must be from the turning vehicle before it could proceed to make a left turn.

From a consideration of section 551, it is made to appear definitely that the party making the left turn must yield the right of way to another vehicle which is already within the intersection. But if such other car is not within the intersection, the motorist must complete his left turn only after he has cautiously estimated that the vehicle approaching from the opposite direction is not ''so close to the intersection as to constitute an immediate hazard.'' If he miscalculates and a collision occurs, upon a trial of the resulting controversy, it is a fact to be determined from the evidence whether a reasonably prudent person in making the same turn would, under such circumstances have reached the same conclusion.

In spite of the statutory provisions above quoted, it is contended that the behavior of plaintiff was such as to constitute contributory negligence as a matter of law. But it has been repeatedly held that contributory negligence is a matter of law only when from all the facts and circumstances of the case reasonable men can draw but one inference, to-

178

wit, the inference that plaintiff was negligent and that his negligence contributed to his injury. (*Ford* v. *Wilson,* 107 Cal. App. 131 [290 Pac. 120].) ██ There is no prescribed act which will constitute contributory negligence when two motorists collide on the highway. The only rule which can be followed in ascertaining the liability of either under such circumstances is the rule of negligence as to what a reasonably prudent man would do under similar circumstances.

██ A fair construction of the code section must mean that before turning left in the center of a highway, the motorist must use such care as would be exercised by a reasonably prudent person acting under similar circumstances. (*Ruperto* v. *Thomas,* 113 Cal. App. 523, 526 [298 Pac. 851].) Whether he exercised such care is to be determined by the trial court from all the circumstances.

It was not intended by the legislature that the party making such turn must be certain of absolute safety before he turns and before he proceeds. Such a construction would produce absurd results for on many highways in the vicinity of Wilshire Boulevard streams of traffic flow so steadily that at some intersections the motorist would find it difficult to make a turn except in the dead of night.

The obligation which the statute imposes on the driver seeking to make a left turn is that he must see that he can make his turn in safety, but may assume that all others using the same highway will exercise reasonable care. (*Inouye* v. *Gilboy Co.,* 115 Cal. App. 25 [300 Pac. 835].) In a case where the facts were similar to those of the case at bar, the court stated: "If another driver by reason of his violation of a statutory provision or by reason of other negligent conduct, collides with him, he is not chargeable with contributory negligence." (*Hanson* v. *Cordoza,* 106 Cal. App. 500, 505 [290 Pac. 62].) A motorist about to turn left is not required to leave his car and scan the horizon or by trigonometrical computations to calculate the yards distant of the approaching car to insure his own safety against a collision with one who ignores the law and the rights of others lawfully within an intersection. Such a construction of the statute would be unreasonable and entirely impracticable on busy thoroughfares. "One who is not otherwise negligent, cannot be held negligent by reason of a failure to assume that another person will be careless or violate the law." (*Ibid.*)

It appears from innumerable authorities that the negligence of plaintiff was a question for the trial court to determine from all the evidence and its reasonable deductions. (*Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193] ; *Ford* v. *Wilson, supra*; *Leblanc* v. *Coverdale,* 213 Cal. 654 [3 Pac. (2d) 312].)

Motorists must bear in mind that while traveling upon any public highway, it is their duty at all times to keep their cars under control that they may avoid colliding with any person or vehicle lawfully upon the highway. Where a motorist is traveling on an open remote highway distant from human habitations, pedestrian paths and vehicular traffic, and has a clear view whereby he may discern that there is no person or object that may traverse his course, he has a wide discretion as to his speed. But his speed must decelerate and his caution must accelerate as evidences appear indicating the increasing numbers of men or vehicles at any point upon the thoroughfare.

The doctrine of the last clear chance is not applicable. Having concluded that the court was justified by the evidence in finding that plaintiff was free from contributory negligence, it follows that the doctrine does not apply. (2 Cal. Jur. Supp., secs. 119, 120; *Bright* v. *Zabler,* 43 Cal. App. (2d) 706 [111 Pac. (2d) 387].)

The judgment is affirmed.

McComb, J., and Wood, J., concurred.