[Civ. No. 13979.   Second Dist., Div. Two.   Apr. 21, 1943.]

T. W. McDEVITT, Appellant, v. W. M. ROGERS et al., Defendants; JULIA R. ROGERS, Respondent.

Thomas P. Walker, C. H. Hartke and Freeman R. Brant for Appellant.

Nourse & Jones and Pat A. McCormick for Respondent.

McCOMB, J.—From a judgment in favor of defendant Julia R. Rogers, after trial before a jury, in an action to recover damages which resulted from injuries received in an automobile accident, plaintiff appeals.

A motion for a nonsuit in favor of defendant William M. Rogers was granted and no appeal has been taken therefrom.

The evidence being viewed in the light most favorable to defendant Julia R. Rogers (respondent), hereinafter referred to as defendant, the essential facts are:

On December 31, 1940, at about 4 p.m. defendant was driving an automobile in an easterly direction on Garvey Road just west of where the highway intersects with Azusa Avenue, a street which runs in a northerly and southerly direction. At this point Garvey Road, which is a state highway, runs in an easterly and westerly direction. When approximately 150 feet west of the intersection, and while proceeding at a speed of about twenty miles per hour, defendant observed an automobile, owned and operated by Mr. Bloeser, in which plaintiff was riding as a guest, being driven in a westerly direction on the highway at about forty-five miles per hour. At this time the car in which plaintiff was riding was approximately 400 feet east of the intersection. Defendant gave the proper signal for a left turn and proceeded to turn north on Azusa Avenue. While defendant's automobile was in the northerly lane of Garvey Road at the intersection, the car in which plaintiff was riding collided with defendant's automobile, as a result of which plaintiff suffered serious personal injuries.

Plaintiff relies for reversal of the judgment on two propositions which will be stated and answered hereunder seriatim.

■ *First: Defendant was negligent as a matter of law because she violated sections 544(a) and 551 of the Vehicle Code.*

This proposition is untenable. An examination of the record discloses that there was presented to the trial jury direct evidence of eye witnesses in support of each and every fact set forth above. From these facts the trial jury may have believed that defendant acted as a reasonably prudent person under similar circumstances would have acted in giving a signal for a left turn and then proceeding to turn north at the intersection on to Azusa Avenue, even though when 100 feet east of the intersection she observed the car in which plaintiff was riding approaching on the highway, approximately 400 feet west of the intersection. Therefore defendant was not negligent as a matter of law.

An unbroken line of decisions in this state hold that negligence upon the part of a defendant is a question of fact for determination by the trier of fact, whose finding will not be disturbed by this court if, as in the instant case, there is substantial evidence to support it. In view of this rule we are bound not only by the trial jury's finding that defendant was not negligent, but also by the trial jury's implied

finding that defendant did not violate any provision of sections 544(a) or 551 of the Vehicle Code. (*McWane* v. *Hetherton*, 51 Cal.Cal.App.2d 508, 511 [125 P.2d 85]. See, also, *Washam* v. *Peerless Automatic Staple Machine Co.*, 45 Cal.App.2d 174, 177 [113 P.2d 724], which is similar in its facts to those in this case, and the principles of law applied in such case are identical with those applicable in the instant case.)

The case of *Donat* v. *Dillon*, 192 Cal. 426 [221 P. 193], is not here in point for the reason that such case merely held that the general rule is that negligence is a question of fact for the determination of the trial court, whose determination supported by substantial evidence is binding upon an appellate court. In the Donat case the Supreme Court applied this rule and held that the trial court's finding that the defendant had been negligent was supported by substantial evidence, and affirmed the judgment.

█ *Second: Defendant was negligent as a matter of law when she made the turn on to Azusa Avenue, because she "cut the button" which was located in the center of the state highway.*

This proposition is likewise untenable.

This is a diagram of the intersection where the accident occurred:

It is true that one of plaintiff's witnesses, Mr. Bloeser, testified that defendant's car, when making the turn into the intersection, was at one time in the position indicated by "B-2" on the above diagram. However, defendant, when being examined as a witness, was asked if Mr. Bloeser's testimony was correct in placing her car at the locations indicated on the diagram by the figures "B-2" and "B-3." In reply to this question she said:

"I was a little farther east, I was on the right side of the painted white line when I completed that turn."

This testimony was substantial evidence to sustain the jury's implied finding that in making the turn at the intersection defendant was east of the traffic button, and, therefore, did not "cut the button." This view is likewise substantiated by defendant's testimony that when she completed the turn she was on the right side of the painted white line. It is a fair inference from such testimony that she did not "cut the button."

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.