[Civ. No. 3239. Fourth Dist. Nov. 8, 1943.]

KATHERINE M. GRIMES, Appellant, v. MIRTIE A. WILLIAMS et al., Respondents.

Harry C. Westover for Appellant.

Forgy, Reinhaus & Forgy for Respondents.

GRIFFIN, J.—On December 2, 1941, at 1:45 p. m. plaintiff, aged 68 years, called a taxicab to convey her on a short trip. The taxicab belonged to and was being operated by defendants. Defendant Furgeson drove the cab, in which plaintiff was riding with one other passenger, east on Pine Street in Santa Ana, and at the intersection of Orange Avenue (which avenue runs north and south), an accident occurred, resulting in an injury to plaintiff.

Furgeson testified that as he approached the intersection he was driving 15 miles per hour; that he continued across the intersection at approximately the same speed; that he did not apply the brakes of the cab nor toot its horn; that as he drove into the intersection he looked to the right and to the left to see whether or not there was any approaching traffic on Orange Avenue; that he didn't see any approaching from the north but when he looked to the south (his right) he saw a car (a Ford coupe) coming north up Orange Avenue about the middle of the block; that at that time he was just entering the intersection; that the approaching car on the right was traveling 30 to 35 miles per hour and that as he passed through the intersection he continued to observe the approaching car. Orange Avenue, at the intersection where the accident took place, is 60 feet wide. He testified that he could not see the car approaching on his right until he got to the intersection as there was shrubbery in front of the house "and you can't see until you get past it." He then testified that as the front end of the cab had practically crossed the intersection and was just starting into the dip of the gutter on the easterly curb line of Orange Avenue, the Ford coupe which was approaching from the south struck the last eight inches of the rear end of the cab "behind the wheels." He then testified that he did not have that car within his vision during the last few feet he traveled before the collision occurred.

There was evidence by a police officer that immediately after the accident he stepped into the Ford coupe which collided with the rear end of the taxicab and that the brakes on that car, from a test conducted by him, were in poor condition, i. e., "there were no brakes at all."

Plaintiff here elected to sue only the owners and operator of the taxicab. A jury trial was waived. The trial court found in all respects in favor of defendants, i. e., that Furgeson, at the time of and prior to said collision, "drove and operated said taxicab in a careful and prudent manner." Judgment was entered for defendants accordingly.

Plaintiff appealed and now argues that she was a passenger for hire and that since, under the law, carriers of passengers for hire are required to exercise the utmost care and diligence towards the safe carriage of their passengers (sec. 2100, Civ. Code; *McCurrie* v. *Southern Pacific Co.,* 122 Cal. 558 [55 P. 324]), she is entitled to recover because the uncontradicted evidence shows the defendants to be guilty of negligence as a matter of law. It is mainly contended that the driver of the taxicab failed to make the necessary observations and because the cab driver observed that the driver of the Ford coupe was violating the *prima facie* speed limit, he failed to act properly in protecting the passenger from the approaching vehicle.

From the facts related the trial court may well have believed that defendant Furgeson violated no law and acted as a reasonably prudent person under similar circumstances should have acted; and that the cause of plaintiff's injuries was due solely to the negligence of the driver of the Ford coupe. It cannot reasonably be held here that Furgeson was guilty of negligence as a matter of law in the operation of the taxicab. The question of his negligence was one of fact for the trial court and its findings in defendants' favor cannot be disturbed on appeal. (*McDevitt* v. *Rogers,* 58 Cal.App.2d 307 [136 P.2d 323]; *Leblanc* v. *Coverdale,* 213 Cal. 654 [3 P.2d 312].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.