[Civ. No. 3509. Fourth Dist. Mar. 15, 1946.]

EXIQUIA ARBALLO, Appellant, v. L. R. NIELSON et al., Respondents.

Ralph Robinson for Appellant.

Chester O. Hansen for Respondents.

GRIFFIN J.—This action was brought by plaintiff and appellant Exiquia Arballo, mother of Ignacio Arballo, deceased, who at the time of his death was single and 46 years of age. Plaintiff was his sole heir at law. Defendants and respondents are two practicing physicians and surgeons who, it is alleged, operated upon deceased, without the consent of plaintiff, thereby committing a technical assault upon the son, who died shortly after the operation. The trial was had without a jury. Judgment went for defendants and plaintiff appealed.

The record comes before us upon a settled statement in lieu of a reporter's and clerk's transcript, under rule 7 of the Rules on Appeal.

The narrative statement, signed and certified by the trial judge, recites that defendants, on October 13, 1944, examined Ignacio and that the examination revealed a ''mass in the lower right abdomen''; that the patient was suffering from nausea; that he entered the sanitarium for further treatment and that a cystoscopic examination revealed that the patient's bladder was occupied by a stone approximately the size of a baseball; that throughout the examination he was conscious and in full possession of his mental faculties; that defendants advised the patient of the true condition and informed him that he could not survive if the stone was not immediately removed; that Ignacio consented to the operation; that an aggravated vesical abscess was found; that the patient died on October 22, 1944; that had said operation not been performed the patient would not have survived for more than a few days; and that at all times Ignacio was in the sanitarium his mother, plaintiff herein, or an adult sister, was present.

It further recites that plaintiff testified that she told Dr. Nielson that her son told her that he did not want to be

operated upon; that she told the doctor the same thing; that plaintiff spoke imperfect English; that Dr. Nielson did not understand anything said to him by plaintiff, if such conversation did take place; that she was absent from the sanitarium when the examination took place. It then recites that during the cystoscopic examination a nurse, employed by the sanitarium, and in charge of the case, advised Ignacio's sister, who was present, that her brother was seriously ill and that the doctors believed that the only possibility of saving his life was an immediate operation; that there was evidence produced by plaintiff that the sister then signed a written consent to operation procedure; that the sister testified that she told the nurse that the signed consent should be executed by the plaintiff (mother), but that the nurse insisted that she sign it.

From this evidence the trial court found that Ignacio was conscious and in full possession of his mental faculties throughout the examination and at the time he gave his consent to the operative procedure, even though there was evidence, produced by plaintiff, that prior thereto he appeared to be in a dazed and semiconscious condition.

■ It is plaintiff's argument, on appeal, that the operation was performed upon her son without her consent; that she was the proper person to give such consent and therefore an assault was committed upon her son, for which she was entitled to compensation, citing *Valdez* v. *Percy*, 35 Cal.App. 2d 485 [96 P.2d 142]; *Bonner* v. *Moran*, 126 F.2d 121; *Barfield* v. *South Highland Infirmary*, 191 Ala. 553 [68 So. 30]; and *Moss* v. *Rishworth* (Tex.Com.App.), 222 S.W. 225.

The argument of plaintiff's counsel, in his brief, seems to ignore the settled statement of facts and the findings based thereon. It is true, as indicated, that the trial court allowed him to set forth in the settled statement of facts and findings that there was evidence produced on behalf of the plaintiff indicating that Ignacio was in a dazed or semiconscious condition when he was taken to the examination room. From this evidence he argues that it was therefore established that the patient was incapable of acting for himself in giving consent to the operation. At most, such evidence only created a conflict to be determined by the trial judge. The finding that he did give his consent and was conscious and in full possession of his mental faculties at that time has

substantial evidentiary support and cannot be disturbed on appeal. (*Grimes* v. *Williams,* 61 Cal.App.2d 304 [142 P.2d 749].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.